U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2025 JUN 30  PM 2: 11

CLERK

BY _____
DEPUTY CLERK

|  |  |  |
|---|---|---|
| ALICIA KELLEY, | ) | CIVIL ACTION NO: |
|          Plaintiff | ) | 2:25-cv-608 |
|  | ) |  |
|     vs. | ) | COMPLAINT AND |
|  | ) | DEMAND FOR JURY TRIAL |
|  | ) |  |
| GREG EATON, | ) |  |
|          Defendant, | ) |  |
|          Individual capacity | ) |  |

## INTRODUCTORY STATEMENT

This is an action for compensatory and punitive damages incident to Defendant Eaton's unlawful arrest of Plaintiff on or about July 12, 2022.

## JURISDICTION

1.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(3).  Remedies are sought under 42 U.S.C. §§ 1983, 1988, for violations of Plaintiff's rights under the Constitution of the United States.  Plaintiff further invokes this Court's Pendent Jurisdiction for hearing and deciding claims arising under the laws of the State of Vermont.

## PARTIES

2.   Plaintiff Alicia Kelley was at all relevant times a resident of North Troy, Vermont, and citizen of the United States of America.

3.  Defendant Greg Eaton was at all relevant times acting under color of law as a duly employed police Sergeant for the Town of Brattleboro, Vermont.  He is believed to be a resident of Windham County, Vermont.

4.   At all relevant times Defendant acted within the scope of his employment, under color of law, and had a duty to properly identify in his arrest warrant applications any person who was the target of such a warrant.  He is sued here in his individual capacity.

## FACTS

5.   On June 8, 2018, twenty-one-year-old Brianna Radcliffe used heroin while inside the bathroom of a Dunkin Donuts in Brattleboro, Vermont, and she overdosed. Emergency personnel responded and transported Ms. Ratcliffe to a hospital, but she died approximately three days later.

6.   The Defendant, then a Sergeant for the Brattleboro Police Department, investigated the circumstances of Ms. Ratcliffe's death.

7.   Through investigation, Defendant was informed and learned that the heroin at issue was sold to Ms. Radcliffe by a former Dunkin Donuts employee, Alicia M. Kelley.

8.   The Defendant reviewed Dunkin Donut's security camera video footage, which captured the heroin deal.

9.   The Defendant was able to view a woman sell heroin to Ms. Radcliffe.

10.  The manager of Dunkin Donuts was present with the Defendant for review of the video.  The manager recognized the woman and provided the Defendant with a name: Alicia Kelley.  The manager informed the Defendant that he knew it was Alicia M. Kelley because she previously worked at that Dunkin Donuts.

11.  On May 20, 2019, the defendant applied for and obtained an arrest warrant for Alicia M. Kelley from the Vermont Superior Court, Windham County Criminal

Division.  The allegation was that Alicia M. Kelley sold or dispensed a regulated drug that caused Ms. Radcliffe's death, contrary to 18 V.S.A. § 4250.

12 Plaintiff's date of birth is October 25, 1988.  The Defendant erroneously entered Plaintiff's date of birth into the application he submitted for a warrant to arrest the Alicia M. Kelley who was suspected of causing Ms. Radcliffe's death.

13.  The correct date of birth for Alicia M. Kelley, who the Defendant believes caused Ms. Radcliffe's death, is May 16, 1988.

14.  The Defendant, at the time the arrest warrant application was submitted, had access to pictures of Plaintiff and Alicia M. Kelley through at least one or more of the following sources: Department of Motor Vehicle ("DMV") license photos; State of Vermont and municipal databases; The Vermont Department of Corrections, and social media.

15.  The Defendant did not attempt to confirm that he had the correct date of birth for Alicia M. Kelley before he applied for the arrest warrant.

16.  The Defendant never examined or compared a photo of Plaintiff to a photo of Alicia M. Kelley that he identified in the arrest warrant application.  No attempt was made to compare physical attributes based on Vermont DMV or other available state databases.  The Defendant did not take any steps to confirm he correctly identified Alicia M. Kelley in the arrest warrant application.

17. The Defendant's request for an arrest warrant was granted, and the resulting warrant issued by the Vermont Superior Court included Plaintiff's date of birth for the Alicia M. Kelley who was wanted in connection with Ms. Radcliffe's death.  The warrant issued on May 21, 2019.

18.  On July 13, 2022, the Orleans County Sherriff and her deputy, acting on the warrant obtained by the Defendant, arrived at the Plaintiff's home.

19.   Plaintiff was at home with her two minor children and parents, and the Sheriff and her deputy observed she was pregnant.

20.  Plaintiff was advised that she was being arrested based on the outstanding warrant.

21.   Plaintiff became distraught, panicked, and was brought to tears.  Her parents and children were home and observed the arrest.  They also became very upset.  Plaintiff and her parents indicated that there must have been a mistake, but they were not able to affect the outcome.  Plaintiff was arrested and lodged overnight at Northern State Correctional Facility in Newport, Vermont in lieu of $25,000 bail.

22.   The Orleans County Sherriff's department posted a statement containing details of the arrest on social media, which was viewed by members of Plaintiff's community.

23.   The following day, Plaintiff was arraigned in the Vermont Superior Court, and her bail was reduced to $10,000.00.

24.  On July 14, 2022, Plaintiff's parents, with the assistance of a bail-bondsman, were able to raise the required bail to secure her release from custody.

25.   On the same date, after learning that the arrest warrant contained the wrong date of birth for the Alicia M. Kelley who was wanted, the State of Vermont filed a motion in the Vermont Superior Court to vacate all of Plaintiff's bail conditions.  The State further moved to modify the date of birth on the arrest warrant to reflect the correct

4

one for the Alicia M. Kelley who was and remains wanted in connection with Ms. Radcliffe's death.

<u>COUNT I – UNLAWFUL SEIZURE – FOURTH AMENDMENT</u>

26.    Paragraphs 1 through 25 are hereby incorporated by reference.

27.    Defendant violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable seizures because he caused Plaintiff to be arrested when he did not have probable cause to believe she did anything wrong.

28.    At the time of Defendant's conduct, it was well established law that an officer violates the Fourth and Fourteenth Amendments of the United States Constitution when he causes a citizen to be arrested without probable cause.

29.    Defendant knew, as any reasonable police officer would have known, that the name and date of birth of an individual who is the target of an arrest warrant must be verified prior to submitting the arrest warrant application.

30.    Defendant engaged in willful or reckless conduct when he obtained a warrant for Plaintiff's arrest without confirming that he had the correct date of birth for Alicia M. Kelley.   No reasonable police officer could justify such conduct under the circumstances.

31.    As a direct and proximate cause of said conduct, Plaintiff was unlawfully arrested and sustained loss of liberty, mental anguish, humiliation, embarrassment, and expenses to be proven at trial.

WHEREFORE, Plaintiff requests compensatory and punitive damages in an amount deemed just, as well as reasonable attorney fees under 42 U.S.C. § 1988.

<u>PUNITIVE DAMAGES</u>

32.    Paragraphs 1 through 33 are hereby incorporated by reference.

33.   Defendant's actions were willful, wanton, and with reckless disregard of Plaintiff's constitutional and common law rights as a citizen of the United States and resident of Vermont.

DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

        a.     Compensatory damages deemed just and reasonable;

        b.     Punitive damages deemed just and reasonable;

        c.     Attorney's fees pursuant to 42 U.S.C § 1988; and

        d.     Costs, interest and further relief as this Court may deem just and reasonable under the circumstances.

DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues.

Executed at Hartford, Vermont:

                                Respectfully submitted,
                                ALICIA KELLEY

_6/30/25_               By: _____
Date

                                Brian R. Marsicovetere, Esq.
                                Marsicovetere & Levine Law Group, P.C.
                                PO Box 799
                                128 Gates St.
                                White River Junction, VT 05001
                                (802) 296-6200 ext. 109
                                brian@rivercitylawyers.com